Judgment for plaintiff.

---

## MATTHEWS vs. WHITNEY.

In an action of *replevin* by the owner of property seized for a violation of the provisions of the statute relative to the *Onondaga salt works*, brought against the officer who made the seizure, *the declarations* of a third party *in possession of the property* at the time of the seizure, although not the authorized agent of the owner, tending to show that he was removing a quantity of salt before it had been inspected and the duties thereon paid, are admissible in evidence ; under this act the person in possession at the time of the seizure being considered as the owner.

It is discretionary with a circuit judge whether he will permit new witnesses to be examined after counsel have summed up the cause.

THIS was an action of *replevin,* tried at the Madison circuit in September, 1831, before the Hon. NATHAN WILLIAMS, then one of the circuit judges.

The plaintiff declared for the taking and detaining of a pair of horses, sleigh and harness. The defendant pleaded *non cepit,* and accompanied his plea with a notice that on the trial of the cause he would prove that he took and detained the property specified in the declaration, as a *deputy* of the *superintendent of the Onondaga salt springs,* by virtue of the provisions of the statute relative to such springs. The *property* in the goods was shown to be in the plaintiff; but it was proved that the horses, sleigh and harness, were seized by the defendant, while *in the possession* of one *Henry Phillips,* who was detected in removing in the sleigh which was seized a quantity of salt from the town of Salina, before it had been inspected and the duties thereon paid, with the intent to evade the inspection and the payment of duties. The *declarations of Phillips,* tending to show that the salt was removed in violation of the provisions of the statute, were received in evidence, although objected to by the plaintiff. The defendant proved the commencement of a suit against Phillips for the recovery of the

penalties prescribed by the statute, and produced in evidence a *deputation* to himself from the superintendent of the salt springs, bearing date on the day that the seizure was made. On the part of the plaintiff, evidence was given tending to show that, at the time of the seizure, the defendant could not have had his deputation. After the counsel for the plaintiff had concluded summing up the evidence to the jury, he stated to the judge that since he commenced summing up, he had learnt that he could prove by a witness then in court, that the defendant at the time of the seizure of the property, had not the deputation under which he claimed to act ; and asked permission to call such witnesses. The counsel on the other side objected, alleging that some of the defendant's witnesses had left court. The judge refused to have the witness called. During the trial, the superintendent of the salt works was in court, but was not called as a witness by either party. The jury, under the charge, of the judge, found a verdict for the defendant. The plaintiff moves for a new trial. The principal ground relied upon by the counsel for the plaintiff, in support of the application for a new trial, was, that the *admissions* or *declarations* of *Phillips* being the admissions and declarations of a third party, ought not to have been received. In answer to which, it was urged that, as the statute authorizes the officer seizing the sled with the team thereto belonging, to retain the property until the determination of a suit to be brought against the person removing the salt, for the recovery of the penalties prescribed, it is manifest that the legislature intended that the property seized should be kept to satisfy such recovery. In the action for the penalties, the admissions of the defendant in the suit would be proper evidence, and thus his admissions would operate to deprive the owner of his property ; and if so, the counsel for the defendants insisted that his admissions relative to the same subject matter were equally admissible in an action brought by the owner to dispossess the officer.

*B. Davis Noxon & J. A. Spencer*, for the defendant.

*C. P. Kirkland & N. P. Randall*, for the plaintiff.

UTICA,
July, 1834.

Matthews
v.
Whitney.

*By the Court*, SUTHERLAND, J. The general property of the plaintiff in the articles in question is not disputed. The seizure is justified on the ground that the sleigh and horses were employed in removing and carrying away from Salina of salt which had not been inspected, and upon which the duties had not been paid. This fact was clearly established. By the 142d § of the act relating to this subject, 1 R. S. 276, it is provided that every person who shall remove or attempt to remove salt, &c. before it shall have been inspected, and the duties thereon paid, shall forfeit $5 for every bushel so removed; and that the boat, vessel, cart, wagon, sled, or other vehicle, in and by which the same shall be removed, &c. together with the apparel, tackle and team thereto belonging, shall be taken to be the property of such person, and shall be liable to the payment of such penalty. The 144th § expressly authorizes the officer who may seize the salt, also to seize the boat, sled or other vehicle in which it may be found, with the team belonging thereto, and to retain the same until the determination of the suit which may be brought for the penalty. It was shown that a suit had been brought against Phillips for the penalty, and the seizure and detention of the sleigh and horses were justified under the foregoing provisions.

It is contended by the counsel for the plaintiff, that the provisions of the statutes on this subject are unconstitutional, inasmuch as they authorize the seizure and detention of the property of one man for the offence of another. This is a feature which has always existed in the revenue laws of this, and it is believed of every other country. The laws of the *United States* are more rigid than this; they are justified by the necessity of the case. A revenue system cannot be enforced without these prompt and summary remedies.

The *declarations* of *Phillips*, tending to show that the salt had been smuggled, were properly admitted. The salt was found in his possession, on board the sleigh, and drawn by the horses in question. Under this act they are to be considered his property, and liable as such for the penalties to which he has subjected himself.

The evidence of the defendant's authority to make the seizure was *prima facie* sufficient.

It was a matter of sound discretion in the judge, whether he would permit new witnesses to be examined, after the counsel had summed up. It was objected to in this case by the defendant's counsel, on the ground that some of his witnesses had left the court; their re-examination might have been necessary.

The general scope of the charge of the judge was pretty strong against the plaintiff; but not more so, I think, than was warranted by the evidence.

New trial denied.